Elise C. O'Brien, State Bar No. 245967
June T. Monroe, State Bar No. 284763
**FENNEMORE LLP**
18881 Von Karman, Suite 1260
Irvine, CA 92612
Tel: (949) 752-2911 / Fax: (949) 752-0953
eobrien@fennemorelaw.com
jmonroe@fennemorelaw.com

Attorneys for Plaintiff
L.A. Specialty Produce Co. dba Vesta Foodservice

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. SPECIALTY PRODUCE CO., a California corporation, dba VESTA FOODSERVICE,<br><br>Plaintiff,<br>v.<br><br>CLAIM JUMPER ACQUISITION COMPANY, LLC, a Nevada limited liability company, dba CLAIM JUMPER STEAKHOUSE & BAR; KRG CLAIM JUMPER, LLC, a Nevada limited liability company; DEL MAR GROUP, LLC, a Nevada limited liability company; BHTT HOLDINGS, LLC, a Nevada limited liability company; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC, a California limited liability company; KRG JCS REDONDO BEACH, LLC, a California limited liability company; KRG BHTT, LLC, a Nevada limited liability company; C | CASE NO. 2:24-cv-6759<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT (“PACA”) [7 U.S.C. §499e, et seq.]**<br>**1. BREACH OF CONTRACT;**<br>**2. ENFORCEMENT OF STATUTORY PACA TRUST PROVISIONS;**<br>**3. VIOLATION OF PACA: FAILURE TO ACCOUNT AND PAY PROMPTLY;**<br>**4. BREACH OF FIDUCIARY DUTY;**<br>**5. RECEIPT OF PACA TRUST ASSETS;**<br>**6. DECLARATORY RELIEF** |

JUMPER RESTAURANTS, INC., a Texas corporation; KELLY OPERATIONS GROUP, LLC, a Pennsylvania limited liability company; KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, a California limited liability company; KELLY INVESTMENT GROUP, LLC, a California limited liability company; MICHAEL R. KELLY, an individual

Defendants.

Plaintiff L.A. Specialty Produce Co. dba Vesta Foodservice ("Plaintiff") complain and allege as follows:

**I.**

**JURISDICTION AND VENUE**

1. This court has jurisdiction of this case pursuant to §5(c)(5) of the Perishable Agricultural Commodities Act of 1930 as amended [7 U.S.C. §499(c)(5)] ("PACA") and pursuant to 28 U.S.C. §1331. Venue is proper pursuant to 28 U.S.C. §1391(b).

2. Plaintiff L.A. Specialty Produce Co. dba Vesta Foodservice is and during all times herein has been a corporation organized and doing business under the laws of the State of California, with its principal place of business in the City of Santa Fe Springs, County of Los Angeles, State of California.

3. Plaintiff is informed, believes and thereon alleges that Defendant CLAIM JUMPER ACQUISITION COMPANY, LLC, a Nevada limited liability company, dba Claim Jumper Steakhouse & Bar, and is and during all times relevant herein was a company organized and doing business under the laws of the State of Nevada, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

4. Plaintiff is informed, believes and thereon alleges that Defendant KRG CLAIM JUMPER, LLC, a Nevada limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of Nevada, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

5. Plaintiff is informed, believes and thereon alleges that Defendant DEL MAR GROUP, LLC, a Nevada limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of Nevada, and with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

6. Plaintiff is informed, believes and thereon alleges that Defendant BHTT HOLDINGS, LLC, a Nevada limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of Nevada, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

7. Plaintiff is informed, believes and thereon alleges that Defendant CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC, a California limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of California, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

8. Plaintiff is informed, believes and thereon alleges that Defendant KRG JCS REDONDO BEACH, LLC, a California limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of California, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

9. Plaintiff is informed, believes and thereon alleges that Defendant KRG BHTT, LLC, a Nevada limited liability company, is and during all times relevant

herein was a company organized and doing business under the laws of the State of Nevada, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

10. Plaintiff is informed, believes and thereon alleges that Defendant C JUMPER RESTAURANTS, INC., a Texas corporation, is and during all times relevant herein was a company organized and doing business under the laws of the State of Texas, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

11. Plaintiff is informed, believes and thereon alleges that Defendant KELLY OPERATIONS GROUP, LLC, a Pennsylvania limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of Pennsylvania, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

12. Plaintiff is informed, believes and thereon alleges that Defendant KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, a California limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of California, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

13. Plaintiff is informed, believes and thereon alleges that Defendant KELLY INVESTMENT GROUP, LLC, a California limited liability company, is and during all times relevant herein was a company organized and doing business under the laws of the State of California, with its principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

14. Plaintiff is informed, believe and thereon allege that Defendant MICHAEL R. KELLY ("Individual Defendant"), is an individual who during all times material herein was an officer, director, member, manager, shareholder and/or owner of CLAIM JUMPER ACQUISITION COMPANY, LLC, KRG CLAIM

JUMPER, LLC, DEL MAR GROUP, LLC, BHTT HOLDINGS, LLC, CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC, KRG JCS REDONDO BEACH, LLC, KRG BHTT, LLC, C JUMPER RESTAURANTS, INC., KELLY OPERATIONS GROUP, LLC, KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, and KELLY INVESTMENT GROUP, LLC (collectively "Corporate Defendants"), and who maintains a principal place of business located at 853 Camino Del Mar, Suite 200, Del Mar, California 92014.

15. Plaintiff is informed, believes and thereon alleges the Corporate Defendants and the Individual Defendant are and at all times material herein were, insiders with actual and constructive knowledge of the PACA trust and the provisions set forth therein and who are and during times relevant herein were responsible for the daily management and control of the Corporate Defendants and who are and during relevant times herein were statutory trustees under the PACA in positions to control the perishable agricultural commodities, the sales proceeds of the perishable agricultural commodities and products thereof, assets acquired or maintained with those sales proceeds, and commingled assets (collectively "PACA Trust Assets") that are the subject of this lawsuit.

16. Plaintiff is informed and believes and thereon alleges that there exists, and during all times herein there existed, a unity of interest and ownership between Corporate Defendants such that any individuality and separateness between the Defendants have ceased and the Defendants are alter-egos of one another in that:

a. The Corporate Defendants share the same principal place of business: 853 Camino Del Mar, Suite 200, Del Mar, CA 92014.

b. The Corporate Defendants all jointly operated, managed, controlled or financed Claim Jumper Steakhouse & Bar, including restaurants located in Henderson, Nevada, and La Mesa, Northridge, Avondale, Valencia, Palm Dale, and Buena Park, California.

c. Defendant Michael R. Kelly is the corporate Manager for each Corporate Defendant.

d. Plaintiff is informed and believes and thereon alleges that the Corporate Defendants utilized an on-line central purchasing system, issuing sequential purchase order numbers to Plaintiff regardless of which restaurant the goods were to be delivered to.

e. Plaintiff submitted invoices to the same on-line central purchasing system.

f. The Corporate Defendants paid by ACH or check for Plaintiff's invoices from the same banking account, regardless of the location of the restaurant that the goods were delivered to.

17. Unless the Corporate Defendants are treated as alter egos of one another, an inequitable result will follow as it would permit an abuse of the corporate privilege and would promote an injustice in that the Defendants have refused and are evidently unable to pay the outstanding balance due to Plaintiff regardless of which such Defendant purchased the goods.

## II.

## GENERAL ALLEGATIONS

18. Plaintiff hereby reallege and incorporate by reference paragraphs 1 through 17, inclusive, of this Complaint as though fully set forth herein.

19. During all relevant times, Plaintiff was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, and holding PACA license no. 19851733.

20. Plaintiff is informed, believes and thereon alleges that at all times relevant herein, the Corporate Defendants were engaged in the purchase of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

21. Between on or about September 5, 2022 through October 1, 2022, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities and other goods to the Corporate Defendants at their request, for which said Defendants agreed to pay in the principal amounts at least as great as the sum of $85,395.75.

22. At or about the date of each transaction described above, Plaintiff forwarded by on-line purchasing platform to the Corporate Defendant invoices for said transactions setting forth in detail the amounts owed by said Defendants for Defendants' purchase of the commodities, cumulatively totaling $85,395.75.

23. Plaintiff has repeatedly demanded that Corporate Defendants pay the amounts due and owing under the invoices. However, said Defendants have failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

24. On or about October 3, 2022, Claim Jumper Acquisition Company, LLC, Claim Jumper Restaurant (Phoenix), LLC, Claim Jumper Restaurant (Sacramento), LLC, Claim Jumper Restaurant (Tualatin), LLC, C Jumper Restaurant, Inc., KRG BHTT, LLC, KRG JCS Redondo Beach, LLC, and KRG JCS, LLC, separately filed for a Chapter 11 Bankruptcy before the U.S. Bankruptcy Court, for the Western District of Pennsylvania, with lead case number 22-21941-GLT. On or by December 12, 2023, these bankruptcy actions were closed by order dismissing the cases without prejudice.

25. Plaintiff has performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

**III.**

**FIRST CAUSE OF ACTION**

**(Breach of Contract Against Corporate Defendants)**

26. Plaintiff hereby reallege and incorporate by reference paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

27. During all relevant times, Plaintiff was engaged in the handling of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA, and holding PACA license no. 19851733.

28. Plaintiff is informed, believes and thereon alleges that at all times relevant herein, the Corporate Defendants were engaged in the purchase of produce in interstate and/or foreign commerce as a commission merchant, dealer and/or retailer in wholesale and jobbing quantities and was therefore subject to the provisions of the PACA and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

29. Between on or about September 5, 2022 through October 1, 2022, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities and other goods to the Corporate Defendants at their request, for which said Defendants agreed to pay in the principal amounts at least as great as the sum of $85,395.75.

30. At or about the date of each transaction described above, Plaintiff forwarded to the Corporate Defendant invoices for said transactions setting forth in

detail the amounts owed by said Defendants for Defendants' purchase of the commodities, cumulatively totaling $85,395.75.

31. Plaintiff has repeatedly demanded that Corporate Defendants pay the amounts due and owing under the invoices. However, said Defendants have failed and refused, and continues to fail and refuse, to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid.

32. Plaintiff has performed all conditions, covenants and obligations required to be performed by them under the agreements for sales of produce as set forth herein.

33. As a direct and proximate result of the failure of the Corporate Defendant to remit payment due to Plaintiff as described above, Plaintiff has suffered losses in the cumulative amount of at least $85,395.75, plus recoverable attorney's fees and interest at the highest legal rate.

## IV.

## SECOND CAUSE OF ACTION

## (Enforcement of Statutory Trust Provisions of PACA Against All Defendants)

34. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33, inclusive of this Complaint as though fully set forth herein.

35. Plaintiff at all times relevant herein was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and was a valid PACA licensees operating under PACA license no. 19851733.

36. The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

37. Plaintiff is informed, believes and thereon alleges that during all times mentioned herein, the Corporate Defendants were engaged in the business of buying perishable agricultural commodities as defined by PACA as 'dealers' in wholesale and jobbing quantities and were operating subject to licensure.

38. Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA upon receipt of the produce sold by Plaintiff to Corporate Defendants, Plaintiff became beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

39. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed and believe and thereon allege that Plaintiff has performed and fulfilled all duties required to preserve its trust benefits in the cumulative amount of at least $59,199.84 of the total $85,395.75 due for the unpaid invoices.

40. Specifically, Plaintiff preserved its statutory trust rights under PACA by providing the following written notice of Plaintiff's intent to preserve Plaintiff's PACA trust rights on the face of each invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. §499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received."

41. Plaintiff's invoices also contain the following written terms providing for recovery of attorney's fees on the face of each of the invoices submitted to

Defendants: “Buyer…agrees to pay all costs incurred in collecting past due payment of invoices including attorney fees and court costs.”

42. Plaintiff’s invoices also contain written terms providing for recovery of finance charges on unpaid balances at 1.5% percent per month (18% annually).

43. Terms described at paragraphs 41 and 42, above, were bargained-for terms of the contract and are sums owing in connection with the sales transactions that are the subject of this complaint.

44. Plaintiff is informed and believe for the reasons alleged herein above, that Defendants are statutory trustees under PACA. The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff. Plaintiff is informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants’ obligations to Plaintiff in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

45. Plaintiff is informed, believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants’ sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. §46.46(c)]. The statutory trust created by the PACA unequivocally gives priority to the interest of Plaintiff on all inventories of products derived from perishable agricultural commodities, and any receivables or

proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

46. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants, Plaintiff have suffered the cumulative loss of at least $85,395.75, of which $59,199.84 qualifies for PACA Trust Protection, plus recoverable attorney's fees and finance or interest charges in amounts to be determined, all of which qualifies for protection under the PACA trust.

**V.**

**THIRD CAUSE OF ACTION**

**(For Violation of Perishable Agricultural Commodities Act: Failure to Account And Pay Promptly Against All Defendants)**

47. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 46, inclusive, of this Complaint as though fully set forth herein.

48. Plaintiff has repeatedly demanded that Defendants pay the amounts due stated above, for produce sold and delivered to Defendants as described above. Despite these demands, Defendants have failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Defendants have failed to perform the requirements of said contracts of sale, express and implied, and have breached their duty to account and pay for the produce sold, and have diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

49. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff have suffered the loss of $85,395.75 in net produce sales proceeds due and owing to Plaintiff and wrongfully withheld or wrongfully diverted by Defendants, plus reasonable attorney's fees and finance or interest charges in amounts to be determined.

## VI.

## FOURTH CAUSE OF ACTION

## (For Breach of Fiduciary Duty Against All Defendants)

50.Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 49, inclusive, of this Complaint as though fully set forth herein.

51. Plaintiff is informed, believe and thereon allege that during times relevant to this action, the Defendants were the controlling officers, directors, members, managers, shareholders, parents and/or owners of the restaurants known as Claim Jumper Steakhouse & Bar.

52. As the controlling officers, directors, members, shareholders and/or owners of the Corporate Defendants, the Defendants had and continue to have a duty to ensure that they fulfilled their duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Plaintiff, as the obligation became due.

53. Plaintiff is informed, believe and thereon allege that during times herein the Defendants had full knowledge and responsibility for the handling of their duties as trustees of the PACA trust.

54. Plaintiff is informed, believe and thereon allege that the Defendants controlled or had and continues to have a duty to control Claim Jumper Steakhouse & Bar' operations and financial dealings, including those involving the PACA Trust Assets.

55. Plaintiff is informed, believes and thereon alleges that Defendants breached their fiduciary duty to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

56. Plaintiff is informed, believes and thereon alleges that the Defendants breached their fiduciary duties to direct Claim Jumper Steakhouse & Bar to fulfill its

duties as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Plaintiff for the produce they supplied to Defendants.

57. As a direct and proximate cause and result of Defendants' breach of their fiduciary duties, Plaintiff has incurred damages in the cumulative amount of at least $85,395.75 plus recoverable interest and/or finance charges, attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

58. As statutory PACA trustee, Defendants are jointly and severally personally liable to Plaintiff for the breach of fiduciary duty in dissipating the PACA trust to the extent of $85,395.75, less any monies Plaintiff receive from the PACA Trust Assets.

## VII.

## FIFTH CAUSE OF ACTION

## (For Receipt of PACA Trust Assets Against All Defendants)

59. Plaintiff hereby reallege and incorporate by reference paragraphs 1 through 58, inclusive, of this Complaint as though fully set forth herein.

60. All assets of the Corporate Defendants are presumptive PACA Trust Assets, and rightfully belonging to Plaintiff.

61. Defendants had actual or constructive knowledge of the statutory trust under PACA, and therefore had a continuing duty to Plaintiff.

62. Defendants knew that the Corporate Defendants were experiencing severe financial difficulties and was not able to promptly pay Plaintiff in full for the purchase of produce, which failure to pay promptly is a violation of the PACA.

63. A benefit (the PACA Trust Assets) was conferred upon to Defendants, for their own use or benefit, through mistake, fraud, coercion, request, or unjust conduct and Defendants knowingly accepted and retained the benefit, resulting in Defendants being unjustly enriched.

64. Defendants transferred and received PACA Trust Assets to their own use at times when they knew, or should have known that such PACA Trust Assets were held in trust for the benefit of Plaintiff.

65. Defendants' receipt and possession of the PACA Trust Assets rightfully belonging to Plaintiff was a violation of the PACA and were done with knowledge that Defendants was in breach of the PACA trust.

66. Defendants receive PACA Trust Assets subject to Plaintiff's PACA trust rights.

67. Allowing Defendants to receive or retain that benefit would be unjust and unconscionable at Plaintiff's expense and detriment because PACA Trust Assets rightfully belong to Plaintiff.

68. Defendants' receipt of assets impressed with Plaintiff's rights has caused Plaintiff to incur compensatory damages.

69. As a direct and proximate result of Defendants' breach of their duty under PACA to Plaintiff or Defendants' unjust conduct or receipt of a benefit (PACA Trust Assets), Plaintiff has suffered compensatory damages in the principal amounts set forth above, and are liable to Plaintiff for these amounts, plus statutory interest or contractual finance charges, and any recoverable attorney's fees and costs pursuant to the terms of the written agreements with each relevant Plaintiff.

**VII.**

**SIXTH CAUSE OF ACTION**

**(For Declaratory Relief Against All Defendants)**

70. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 69, inclusive, of this Complaint as though fully set forth herein.

71. An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Plaintiff contends the PACA trust requires the Defendants to preserve the trust assets for the benefit of Plaintiff until Plaintiff is

fully paid and the Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

72. Plaintiff seeks an Order of this Court declaring that its PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Plaintiff is a beneficiary. Plaintiff would show that any perfected security interest which a third party might have in Defendants' accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Plaintiff.

73. Further, Plaintiff seek a declaratory judgment from this Court establishing (1) that, in the event of a future bankruptcy filing, the trust funds never became property of Defendants or the estate of Defendants under 11 U.S.C. §541; (2) that Plaintiff's trust claims under the PACA amendment is superior to and takes priority over Defendants' secured and unsecured claims, if any, to Defendants' accounts receivable, inventory and the proceeds thereof; and, (3) that only funds in excess of the trust funds necessary to pay the PACA trust claimant are property of Defendants or the estate of Defendants, possibly subject to a third party's liens or claims, if such are established. 7 U.S.C. §499(b)(4) and 7 Code of Federal Regulations §46.33.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**FIRST CAUSE OF ACTION**

**(For Breach of Contract)**

1. For damages in the cumulative amount of $85,395.75 as against the Corporate Defendants;

2. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

3. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

4. For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION**

**(For Enforcement of Statutory Trust Provisions of PACA)**

1. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the cumulative amount of $85,395.75 (of which $59,199.84 is PACA Trust protected) as against Defendants;

2. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

3. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

4. For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION**

**(For Violation of Perishable Agricultural Commodities Act: Failure To Account And Pay Promptly)**

1. For damages in the combined amount of $85,395.75 as against Defendants;

2. For an order requiring Defendants to immediately account for and pay all PACA trust assets to Plaintiff in the total amount of $85,395.75 as against Defendants, jointly and severally;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

4. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

5. For such other and further relief as the Court may deem just and proper..

**FOURTH CAUSE OF ACTION**

**(For Breach of Fiduciary Duty)**

1. For judgment, jointly and severally, against Defendants, and in favor of the Plaintiff in the amount of $85,395.75;

2. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

3. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

4. For such other and further relief as the Court may deem just and proper.

**FIFTH CAUSE OF ACTION**

**(For Receipt Of PACA Trust Assets)**

1. For damages in the principal amount of $85,395.75 as against Defendants, and each of them, jointly and severally;

2. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

3. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

4. For such other and further relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**(For Declaratory Relief)**

1. For a declaratory judgment establishing that:

(a) In the event of a future bankruptcy filing, the PACA trust funds never became the property of Defendants or the estate of Defendants under 11 U.S.C. §541;

(b) The Plaintiff's trust claims under the PACA amendment are superior to and take priority over the Defendants' secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds,

(c) Only funds in excess of the trust funds necessary to pay the PACA trust claimants are property of the estate of Defendants possibly subject to the Defendants' liens or claims, if any are established;

2. For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the sum of $85,395.75 as against Defendants, and each of them, jointly and severally;

3. For finance or interest charges at the highest legal rate from the date the obligation became due and payable to Plaintiff at the rate of 18% per annum from the date the obligation became due;

4. For reasonable attorney's fees and costs of suit incurred herein for Plaintiff; and,

5. For such other and further relief as this Court deems proper.

FENNEMORE LLP

Dated: August 9, 2024

/s/ JUNE MONROE
June Monroe
Attorneys for Plaintiff
L.A. Specialty Produce Co. dba Vesta Foodservice