Elise C. O'Brien, State Bar No. 245967
June T. Monroe, State Bar No. 284763
**FENNEMORE LLP**
18881 Von Karman, Suite 1260
Irvine, CA 92612
Tel: (949) 752-2911 / Fax: (949) 752-0953
eobrien@fennemorelaw.com
jmonroe@fennemorelaw.com

Attorneys for Plaintiff
L.A. Specialty Produce Co. dba Vesta Foodservice

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. SPECIALTY PRODUCE CO., a California corporation, dba VESTA FOODSERVICE,<br><br>Plaintiff,<br><br>v.<br><br>CLAIM JUMPER ACQUISITION COMPANY, LLC, a Nevada limited liability company, dba CLAIM JUMPER STEAKHOUSE & BAR; KRG CLAIM JUMPER, LLC, a Nevada limited liability company; DEL MAR GROUP, LLC, a Nevada limited liability company; BHTT HOLDINGS, LLC, a Nevada limited liability company; CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC, a California limited liability company; KRG JCS REDONDO BEACH, LLC, a California limited liability company; KRG BHTT, LLC, a Nevada limited liability company; C JUMPER RESTAURANTS, INC., a Texas corporation; KELLY OPERATIONS | CASE NO. 2:24-cv-06759<br><br>**STIPULATION FOR ENTRY OF JUDGMENT IN THE EVENT OF DEFAULT** |

GROUP, LLC, a Pennsylvania limited liability company; KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, a California limited liability company; KELLY INVESTMENT GROUP, LLC, a California limited liability company; MICHAEL R. KELLY, an individual

Defendants.

Plaintiff L.A. Specialty Produce Co., dba Vesta Foodservice ("Vesta") and Defendants Claim Jumper Acquisition Company, LLC ("Claim Jumper") dba Claim Jumper Steakhouse & Bar; KRG Claim Jumper, LLC; Del Mar Group, LLC; BHTT Holdings, LLC; Claim Jumper Restaurant (Sacramento), LLC; KRG JCS Redondo Beach, LLC; KRG BHTT, LLC; C Jumper Restaurants, Inc.; Kelly Operations Group, LLC; Kelly Companies of Southern California, LLC; and Kelly Investment Group, LLC (collectively "Corporate Defendants") submit this stipulation for entry of judgment. Michael R. Kelly ("Individual Defendant") does not join this stipulation for entry of judgment, as such Vesta reserves all claims and remedies against Individual Defendant and the Individual Defendant reserves all defenses. The parties to this stipulation for entry of judgment submit as follows:

The following stipulated facts are adopted as findings of fact and conclusions of law by the Court:

i. Vesta is, and during all times mentioned herein has been a California corporation organized and operating under the laws of California.

ii. Claim Jumper is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Nevada.

iii. KRG Claim Jumper, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Nevada.

iv. Del Mar Group, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Nevada.

v. BHTT Holdings, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Nevada.

vi. Claim Jumper Restaurant (Sacramento), LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of California.

vii. KRG JCS Redondo Beach, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of California.

viii. KRG BHTT, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Nevada.

ix. C Jumper Restaurants, Inc. is, and during times mentioned herein was, a corporation organized and operating under the laws of the State of Texas.

x. Kelly Operations Group, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of Pennsylvania.

xi. Kelly Companies of Southern California, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of California.

xii. Kelly Investment Group, LLC is, and during times mentioned herein was, a limited liability company organized and operating under the laws of the State of California.

xiii. At all times relevant herein, Claim Jumper, KRG BHTT LLC, KRG JCS Redondo Beach, LLC, Claim Jumper Restaurant (Sacramento), LLC ("Operating Defendants") were engaged in the buying and selling of perishable agricultural commodities in interstate and/or foreign commerce in wholesale and jobbing quantities as defined by 7 C.F.R. §46.2(x), as commission merchants and/or dealers subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a, *et*

*seq.* and the regulations promulgated by the Secretary of Agriculture of the United States of America pursuant to the PACA.

xiv. Between on or about September 5, 2022 through October 1, 2022, Vesta sold and shipped to Operating Defendants at their request, perishable agricultural commodities for agreed upon selling prices cumulatively totaling a principal balance of at least $85,395.75 (the "Sales Transaction").

xv. Vesta issued invoices to Operating Defendants in connection with and in confirmation of the Sales Transaction which contained written provisions providing for payment of finance charges on all unpaid principal sums due at the rate of 1.5% per month (18% annually).

xvi. Operating Defendants received and accepted all commodities sold to Operating Defendants as described at paragraph xiv, above, without objection.

xvii. Vesta has taken all steps necessary to properly preserve Vesta' PACA Trust rights under 7 U.S.C. §499e(c) with respect to the Sales Transaction.

xviii. When Vesta delivered the produce under the Sales Transaction, a trust was created by federal statute under the PACA, 7 U.S.C. §499e, pursuant to which the Vesta preserved its trust rights as statutory PACA beneficiary. All inventories of perishable agricultural commodities, or food products derived therefrom, all accounts receivable and all proceeds from the sale of such commodities or products derived therefrom, and all assets commingled thereto ("PACA Trust Assets"), must be held by the buyer in trust for the benefit of the unpaid seller. 7 U.S.C. §499e.

xix. Vesta's PACA Claim (principal, interest, and attorney's fees) are all sums due for the Sales Transaction including finance charges at 18% per annum and attorneys' fees incurred as sums due in connection with the Sales Transaction and which all qualify for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

xx. Operating Defendants admit failure to pay Vesta' PACA Claim is breach of the PACA trust [7 U.S.C. §499e *et seq.*].

**NOW THEREFORE**, in consideration of the foregoing, Corporate Defendants and Vesta wish to avoid the further expense and uncertainty of litigation and therefore wish to fully resolve and compromise these disputes that are the subject of the PACA Claim, and desire to enter into this Stipulated Judgment as follows:

1. Corporate Defendants, jointly and severally, agree to pay Vesta, and Vesta agrees to accept payment from Corporate Defendants, in the amount of at least $85,395.75 (principal), in principal, over a nine (9) month period beginning 20 days after execution of this stipulated judgment and continuing thereafter on the first day of each subsequent month, plus finance charges of 9% per annum then due and continuing thereafter until all sums are paid in full ("the Payment Amount") all of which is perfected under the PACA trust provisions pursuant to 7 U.S.C. §499e(c) *et seq.* under the terms and in the manner set forth herein, as payment in full of amounts owed by Corporate Defendants to Vesta arising from or in any way related to the produce purchases described above.

2. Vesta agrees to accept the Payment Amount as full and final payment, and will waive Plaintiff's right to receive reimbursement of additional and actual attorney's fees from Corporate Defendants. Vesta reserves all claims and remedies it is entitled to against Individual Defendant. In the event of default as contemplated by paragraph 6, below, Vesta shall be entitled additional and actual attorneys' fees incurred in connection with this action and enforcement of the judgment.

3. As further consideration for Vesta to enter into this Stipulation, Corporate Defendants, and each of them, hereby agree that judgment for the full unpaid balance, plus statutory pre-judgment and post-judgment interest at 18% per annum, and reasonable attorney's fees incurred shall be entered against them, *in the event of default*, in the form set forth in **Exhibit 1**, attached hereto and incorporated herein by this reference, in the U.S. District Court for the Central District of California. The Parties have reviewed and approved of both the form and substance of the Judgment attached hereto as **Exhibit 1** and further agree that the attached proposed judgment (Exhibit 1) bears a rational relationship

to the range of actual damages anticipated by the Parties from a breach of the terms of this Stipulation.

4. In the event of Corporate Defendants' default of the terms of this Stipulation, Vesta shall move this Court to reopen this action and to enter judgment. Such motion can solely be supported by a declaration regarding the default and total amount due for entry of judgment.

5. In the event Corporate Defendants object to entry or enforcement of the Judgment, Corporate Defendants' right to object shall be limited *solely* to the following grounds and no others: (a) whether default has in fact occurred; and, (b) whether the payment amounts acknowledged by Vesta prior to default are correct.

6. In addition to non-payment as described above, the occurrence of any one of the following events prior to the deadline for payment of the sums due hereunder shall be deemed an event of default entitling Plaintiff to seek immediate entry of judgment without further notice to Corporate Defendants: (a) Corporate Defendants, or any one of them, make an assignment for the benefit of creditors that interferes with Plaintiff's rights to the PACA Trust Assets; or, (b) Corporate Defendants, or any one of them, are named in a civil lawsuit filed by or on behalf of any party seeking to enforce PACA trust rights against Corporate Defendants, or any of them, or any action is taken by any creditor seeking to enforce a security agreement or a judgment or taking any action which causes or has the effect of causing the dissipation of any PACA trust asset to which Plaintiff claims a priority right or interest; or (c) Corporate Defendants fail to promptly fulfill any obligations required under this Agreement.

7. The Parties agree that acceptance of partial payment shall not waive or in any way prejudice Plaintiff's rights to enter or enforce judgment against Corporate Defendants for the unpaid balance that would otherwise be due upon default as set forth in this Stipulation, less any amounts so accepted.

8. Nothing in this Stipulation shall be deemed a waiver or limitation of any rights Vesta may have under PACA, including, but not limited to, Vesta's PACA Trust rights, or

Vesta's ability to enforce said trust rights against any person or entity liable to Vesta for breach of the PACA trust, all such rights being expressly reserved. This Stipulation is being entered into pursuant to and in reliance upon 7 C.F.R. §46.46(e)(3) which states, in part: "If there is a default in payment as defined in §46.46(a)(3), the seller, supplier, or agent who has met the eligibility requirements of paragraphs (e)(1) and (2) of this section will not forfeit eligibility under the trust by agreeing in any manner to a schedule for payment of the past due amount or by accepting a partial payment." Corporate Defendants expressly waive any and all defenses to Vesta's PACA trust rights based upon the payment plan described herein.

9. Upon full payment of the Payment Amount, Vesta and their agents, employees, officers, directors, owners, partners, principals, heirs, assigns, and legal representatives (the "Releasing Parties") hereby fully and completely compromise, settle, remise, release, and forever discharge Defendants (including Individual Defendant) and each of their respective attorneys, agents, employees, officers, directors, shareholders, partners, heirs, assigns, representatives, agents, insurers, subsidiaries, parents, and affiliates (the "Released Parties"), from all charges, claims, complaints, demands, causes of action for damages or any other relief, obligations, promises, judgments, liabilities, setoffs, deductions, expenses (including attorneys' fees and costs), express or implied contracts or executions of any nature, whether or not now known or unknown, in law or in equity, that the Releasing Parties have against the Released Parties as of the Effective Date of this Stipulation. Notwithstanding anything to the contrary herein, nothing in this Stipulation shall release the rights and obligations set forth in this Stipulation..

10. This Stipulation may be executed in counterparts, each of which shall together be construed as a single original document. A fully executed copy of this Stipulation, including facsimile, scanned or emailed signatures, may be used in lieu of the original for all purposes.

11. In the event any provision of this Stipulation is deemed to be invalid or void by any court of competent jurisdiction, all other provisions contained herein shall remain in full force and effect.

12. This Stipulation contains the entire agreement between the Parties relating to the transactions described herein and supersedes any and all prior agreements reached between the Parties concerning the subject matter hereof.

13. This Stipulation shall be construed in accordance with, and be governed by, the laws of the State of California and the United States of America.

14. The Parties, and each of them, acknowledge having had the opportunity to discuss this Stipulation with its or their own attorney, and that they have availed themselves of that opportunity to the extent they have desired to do so.

15. All persons whose signatures appear below on behalf of a corporate or limited liability party hereby represent and warrant that such persons have the authority to execute this Stipulation on behalf of the corporate party and that by doing so have bound the corporate party to the terms of this Stipulation.

16. Each of the Parties hereto expressly represents and warrants that each party has made such investigation of the facts pertaining to this Stipulation, and all matters pertaining hereto as it deems necessary or desirable.

17. Each of the Parties agrees that each of them is equally responsible for the drafting of this Stipulation and none of the Parties shall be deemed to be the drafter of this Stipulation.

18. The above-captioned complaint shall be dismissed, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure only as it pertains to the Corporate Defendants, as Vesta and the Corporate Defendants have entered into this Stipulation, subject to Vesta's motion to reopen and enter judgment in the event of default. The complaint shall remain as it relates to Vesta's claims against Individual Defendant.

19. The Court shall retain jurisdiction over this matter pursuant to *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375 (1994) as it relates to Vesta's claims against the Corporate Defendants to enforce the settlement agreement between the Vesta and the Corporate Defendants, as well as all orders entered by the Court in this matter, which orders shall retain their enforceability.

20. The terms of this Stipulation, including the dismissal of this Acton as to all Defendants without prejudice against the Corporate Defendants, will be effective upon the entry of an Order from the Court approving this Stipulation. Said dismissal shall be subject to reopening upon an event of default to enter Judgment against the Corporate Defendants. In addition, in the event of default by the Corporate Defendants, Vesta reserves all claims and remedies against Individual Defendant and the Individual Defendant reserves all defenses.

IT IS SO STIPULATED.

L.A. SPECIALTY PRODUCE CO., a California corporation, dba VESTA FOODSERVICE

Dated: 4/3/2025 By: ______________________
Name Scott Parra-Matthews
Title CFO/COO

CLAIM JUMPER ACQUISITIONS COMPANY, LLC, a Nevada limited liability company, dba CLAIM JUMPER STEAKHOUSE & BAR

Dated: ______________ By: ______________________
Name
Title

KRG CLAIM JUMPER, LLC, a Nevada limited liability company

Dated: ______________ By: ______________________
Name
Title

20. The terms of this Stipulation, including the dismissal of this Acton as to all Defendants without prejudice against the Corporate Defendants, will be effective upon the entry of an Order from the Court approving this Stipulation. Said dismissal shall be subject to reopening upon an event of default to enter Judgment against the Corporate Defendants. In addition, in the event of default by the Corporate Defendants, Vesta reserves all claims and remedies against Individual Defendant and the Individual Defendant reserves all defenses.

IT IS SO STIPULATED.

L.A. SPECIALTY PRODUCE CO., a California corporation, dba VESTA FOODSERVICE

Dated: ________________ By: ______________________________
Name
Title

CLAIM JUMPER ACQUISITIONS COMPANY, LLC, a Nevada limited liability company, dba CLAIM JUMPER STEAKHOUSE & BAR

Dated: 4.7.25 By: ______________________________
Name Michael R. Kelly
Title Manager

KRG CLAIM JUMPER, LLC, a Nevada limited liability company

Dated: 4.7.25 By: ______________________________
Name Michael R Kelly
Title Manager

DEL MAR GROUP, LLC, a Nevada limited liability company

Dated: 4-7-25 By: ______________________

Name Michael R. Kelly
Title Manager

BHTT HOLDINGS, LLC, a Nevada limited liability company

Dated: 4.7.25 By: ______________________

Name Michael R Kelly
Title Manager

CLAIM JUMPER RESTAURANT (SACRAMENTO), LLC, a California limited liability company

Dated: 4-7-25 By: ______________________

Name Michael R. Kelly
Title Manager

KRG JCS REDONDO BEACH, LLC, a California limited liability company

Dated: 4.7.25 By: ______________________

Name Michael R Kelly
Title Manager

KRG BHTT, LLC, a Nevada limited liability company

Dated: 4.7.25 By: ______________________

Name Michael R Kelly
Title Manager

C JUMPER RESTAURANTS, INC., a Texas corporation

Dated: 4-7-25

By: 

Name Michael R. Kelly
Title President

KELLY OPERATIONS GROUP, LLC, a Pennsylvania limited liability company

Dated: 4-7-25

By: 

Name Michael R Kelly
Title Manager

KELLY COMPANIES OF SOUTHERN CALIFORNIA, LLC, a California limited liability company

Dated: 4-7-25

By: 

Name Michael R. Kelly
Title Manager

KELLY INVESTMENT GROUP, LLC, a California limited liability company

Dated: 4-7-25

By: 

Name Michael R. Kelly
Title Manager

APPROVED AS TO FORM AND CONTENT:

Date: 4/7/2025

FENNEMORE LLP

June Monroe
Attorneys for Plaintiff
L.A. Specialty Produce Co.

Date: 4/7/2025

LUKE KOSTERS
Attorneys for Defendants

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 18881 Von Karman Ave., Suite 1260, Irvine, California 92612.

On April 9, 2025, I served the attached document on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes as follows:

Claim Jumper Acquisition Company, LLC,
dba Claim Jumper Steakhouse & Bar
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

KRG Claim Jumper, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Del Mar Group, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

BHTT Holdings, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Claim Jumper Restaurant (Sacramento), LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

KRG JCS Redondo Beach, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

KRG BHTT, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

C Jumper Restaurants, Inc.
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Kelly Operations Group, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Kelly Companies of Southern
California, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Kelly Investment Group, LLC
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

Michael R. Kelly
853 Camino Del Mar, Suite 200
Del Mar, CA 92014

[X] **BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepared at Irvine, California in the ordinary course of business. I am aware that on motion of

the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: April 9, 2025

*/s/ Michelle C. Aguilar*
MICHELLE C. AGUILAR